IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOE FLOYD FULLER, SR.,**

        **Petitioner,**

    v.                              CASE NO. 08-3155-SAC

**STATE OF KANSAS, et al.,**

        **Respondents.**

**O R D E R**

This matter is before the court on a "Fast Track" petition for writ of habeas corpus, filed pro se by a pretrial detainee in the Johnson County Jail in Olathe, Kansas. Having reviewed the record, the court grants petitioner's motion for leave to proceed in forma pauperis in this habeas action,[1] and dismisses the petition without prejudice.

Petitioner seeks federal habeas corpus relief under 28 U.S.C. § 2241[2] on allegations that his extended confinement on pending criminal charges without a preliminary hearing violates his rights under the Fourth and Fourteenth Amendments. Petitioner identifies consequences related to his continued confinement, and seeks his discharge from custody.

---

[1] *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(Prison Litigation Reform Act does not encompass state habeas actions filed under 28 U.S.C. § 2254, or appeals therefrom).

[2] The court corrects its citation to 28 U.S.C. § 2254 in the order entered in this matter on July 11, 2008.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 establishes jurisdiction in the federal court to consider habeas corpus petitions filed by pretrial detainees. *See* Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007)(§ 2241 is proper avenue for challenging pretrial detention). Nonetheless, it is well recognized that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir. 1993). *See also* Braden, 410 U.S. at 489 (exhaustion of available state court remedies is necessary before a federal court will entertain a pretrial habeas petition). "An attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pretrial habeas corpus." Id.(internal quotations omitted). *See also* Younger v. Harris, 401 U.S. 37, 43 (1971)(federal courts should not intervene in pending state criminal prosecutions when those proceedings offer an adequate forum for plaintiff's federal claims and implicate important state interests).

Because it is apparent on the face of the application that petitioner has not yet exhausted available state court remedies on his claims, and because there is nothing to suggest that circumstances render the state courts unavailable or ineffective to first address petitioner's claims, the court finds petitioner's pursuit of federal habeas relief is premature and concludes the

2

petition should be dismissed without prejudice.[3]

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 4) is granted, that the petition is dismissed without prejudice, and that petitioner's motion for appointment of counsel (Doc. 5) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 23rd day of July 2008 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[3]The court further notes petitioner's recent filing of two federal habeas corpus petitions alleging constitutional error in petitioner's pretrial confinement, and the court's dismissal of each action without prejudice. See Fuller v. Baird, Case No. 08-3059-SAC (dismissed without prejudice April 11, 2008, appeal No. 08-3122 pending); and Fuller v. Morrison, Case No. 08-3109-SAC (dismissed without prejudice June 6, 2008).